PANOFF, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY, COMPANY, Respondent.

*October 31—November 18, 1913.*

*Railroads: Injury to employee: Comparative negligence: Form of question in special verdict.*

1. Sec. 1816, Stats., does not require the finding of the jury upon the question of comparative negligence to be in any particular form of words: any finding which, in the light of the instructions given and the other findings, fairly shows that the jury definitely passed upon the matter, is sufficient. *Tidmarsh v. C., M. & St. P. R. Co.* 149 Wis. 590, explained.

2. Thus, where the jury specifically found actionable negligence of the railroad company proximately contributing to the injury, and also contributory negligence on the part of plaintiff, an affirmative answer to the question, "If you find that mutual fault of the defendant and plaintiff was the proximate cause of the injury, was the fault of the defendant greater?" was sufficient, where the jury were instructed that in answering that question they were "to determine whose fault was the greater contributing cause of the injury; the fault of the plaintiff or that of the defendant."

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Action to recover compensation for a personal injury.

The action was commenced in the civil court of Milwaukee county. Plaintiff was injured in the course of his employment for defendant. He and others were engaged in assisting in unloading steel rails from a car to which an engine in charge of an engine crew was attached. By direction of the foreman, plaintiff held the end of a rope which was at-

tached to some rails on the car. While so circumstanced the engine crew suddenly, and without warning to plaintiff, started the engine, causing the rails to lurch in such a manner that the rope struck plaintiff, throwing him down upon rails which were on the ground, by reason of which he received a bodily injury. There was evidence making the question of whether the conductor of the train, containing the car which was being unloaded, exercised ordinary care in instructing plaintiff respecting the manner he should perform his work, and whether the engineer exercised ordinary care respecting the manner he started the engine. The jury found on both subjects in plaintiff's favor and that each element of negligence was a proximate cause of the injury. There was also a finding in defendant's favor as to contributory negligence of plaintiff, rendering the question of comparative negligence vital. That was submitted in this form: In the mutual fault, was that "of the defendant greater?" It was found in plaintiff's favor. Defendant's counsel requested submission of this: "Comparing the extent to which the defendant's servants' want of ordinary care contributed to the injury of *Panoff,* with the extent to which *Panoff's* want of ordinary care contributed to his injury, did defendant's servants contribute to a greater degree?" That was refused. The jury found the damages at $335. Judgment was rendered accordingly. The cause was appealed to the circuit court where the judgment of the civil court was reversed and a new trial ordered for failure to submit the question above quoted. Plaintiff appealed.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *J. E. Tierney.*

For the respondent there was a brief by *C. H. Van Alstine, H. J. Killilea,* and *R. M. Trump,* and oral argument by *Mr. Trump.*

MARSHALL, J. This court did not intend to hold in *Tidmarsh v. C., M. & St. P. R. Co.* 149 Wis. 590, 136 N. W.

337, that the statute, in the particular terms thereof, in such a case as this, requires a finding as to whether the fault of the defendant was greater than that of plaintiff and contributed to produce the injury in the greater degree. The effect of the decision is that the jury should find the fact; but no particular collection of words was held to be requisite thereto. Any which, in the light of other findings and the instructions given by the court, fairly shows that the jury definitely passed upon the matter, is sufficient.

Here there was a specific finding of actionable negligence of the defendant proximately contributing to the injury, also a specific finding of want of ordinary care of the plaintiff so contributing, followed by a finding in plaintiff's favor of this: "If you find that mutual fault of the defendant and plaintiff was the proximate cause of the injury, was the fault of the defendant greater?" substantially following the suggestion in *Jensen v. Wis. Cent. R. Co.* 145 Wis. 326, 128 N. W. 982, and the minds of the jurors were directed to the precise point of inquiry by this instruction: "In answering this question you are to determine whose fault was the greater contributing cause of the injury; the fault of the plaintiff or that of the defendant." "You are to determine in answering this question whose fault was the greater contributing cause of plaintiff's injury." In the light thereof the jury could not well have otherwise found in answering the question than that want of ordinary care of the defendant contributed to produce the injury and in greater degree than like fault of the plaintiff. Had the learned circuit judge more fully appreciated the effect of the quoted instruction in connection with the question, he would have observed that the trial in the civil court would stand the test of *Tidmarsh v. C., M. & St. P. R. Co., supra.*

*By the Court.*—The judgment is reversed, and the cause remanded with directions to affirm the judgment of the civil court.